DOPP AND COMPANY, INC., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent PAUL S. DOPP and EVELYN DOPP, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Dopp & Co. v. Commissioner
Docket Nos. 1710-73, 1714-73.
United States Tax Court
T.C. Memo 1975-105; 1975 Tax Ct. Memo LEXIS 263; 34 T.C.M. (CCH) 516; T.C.M. (RIA) 750105; April 21, 1975, Filed. Charles Haydon, for the petitioners. Timothy L. Nelson, for the respondent. QUEALY
MEMORANDUM OPINION QUEALY, Judge: The respondent determined a deficiency in income taxes due from Dopp and Company, Inc., the petitioner in docket No. 1710-73, for the taxable year ended April 30, 1968, in the amount of $33,574.46. The respondent also determined a deficiency in income taxes due from Paul S. Dopp and Evelyn Dopp, [1] petitioners *264 in docket No. 1714-73, for the calendar year 1967, in the amount of $137,672.16. Due to concessions by the parties, the only question for decision is whether petitioners herein realized gain as a result of the acquisition by Howell International, Inc., of all the stock of Butler Aviation Company. All of the facts have been stipulated. Such facts and the exhibits attached thereto are incorporated herein by this reference. Dopp and Company, Inc., is a New York corporation with its principal place of business at Morristown, New Jersey. For the fiscal year ended April 30, 1968, the petitioner filed its corporate income tax return with the Internal Revenue Service, Manhattan, New York. Paul S. and Evelyn Dopp were married throughout the calendar year 1967. They jointly filed a U.S. individual income tax return for the taxable year 1967 with the district director of internal revenue, Newark, New Jersey. At the time of filing the petition herein, Paul S. Dopp resided at Short Hills, New Jersey, and Evelyn Dopp resided at Mendem, New Jersey. At all *265 times material herein, Butler Aviation Company was a Delaware corporation with an initial capitalization of 100,000 shares of capital stock of a par value of $1 per share which, as a result of the transaction hereinafter referred to, was increased to 200,000 shares. The initial 100,000 shares of Butler Aviation Company were owned by Butler Company, an Illinois corporation. At all times material herein, Howell International, Inc., was a Michigan corporation with an authorized capital of 1,000,000 shares of common stock, of which 690,223 shares were issued and outstanding. At all times material herein, Paul S. Dopp was Chairman of the Board of Howell International. However, he did not own more than 23 percent of its stock. Beginning in September 1963, Dopp and Company, Inc., and Paul S. Dopp (hereinafter referred to as the "petitioners") set about to acquire all of the issued and outstanding stock of Butler Aviation Company. As a result of such negotiations, the petitioners entered into a letter of intent with Butler Company whereby (a) Butler Aviation would increase its capitalization to 200,000 shares of common stock, (b) the petitioners would have an option to acquire 100,000 *266 shares of such stock from Butler Aviation for $300,000, and (c) the petitioners would have an option to acquire the remaining 100,000 shares of such stock from Butler Company in two installments, the first 50,000 shares for $562,500 and the final 50,000 shares for $1,000,000. The letter of intent was superseded by an agreement dated January 10, 1964, whereby the option, insofar as it related to the 100,000 shares of Butler Aviation stock held by Butler Company, was modified to provide for the payment of $375,000 for 50,000 shares and for the payment of $715,000 for the remaining 50,000 shares, and to expire on December 31, 1967. The agreement further provided for reciprocal options to compel the petitioners to purchase the Butler Aviation stock held by Butler Company, and rights of refusal running to the parties with respect to the shares owned by the other. At the same time, Butler Aviation issued an additional 100,000 shares which were acquired by the petitioners for $300,000. [2]
Thereafter, the parties attempted to modify their agreement by entering into an agreement between *267 the petitioners, Butler Company and Howell International, dated August 31, 1966, whereby all of the issued and outstanding stock of Butler Aviation would be exchanged for 400,000 shares of the capital stock of Howell International. However, this agreement could not be consummated. By agreement dated March 15, 1967, the petitioners and Butler Company modified the terms of the option with respect to the 100,000 shares of Butler Aviation stock held by Butler Company, whereby the installment provisions were consolidated into a single option for the purchase of the entire 100,000 shares of Butler Aviation stock for the sum of $1,900,000. This agreement further provided that Butler Company could compel the petitioners to purchase said stock. Finally, the agreement provided that if neither party exercised its option with respect to the remaining 100,000 shares of Butler Aviation stock held by Butler Company, the latter had the option to purchase the 100,000 shares of Butler Aviation previously acquired by the petitioners. Said agreement contemplated that the petitioners would attempt to work out an arrangement whereby Howell International would acquire all of the stock of Butler Aviation.
*268 Prior to June 30, 1967, the petitioners notified Butler Company of the exercise of its option to purchase the remaining shares of Butler Aviation, the transaction to be closed not latter than July 31, 1967. This was amended by agreement of the parties reducing the purchase price from $1,900,000 to $1,825,000 and extending the closing date to August 31, 1967. At the same time, the petitioners were specifically given the right to assign their rights and obligations under the contract to Howell International. A further adjournment of the closing date to September 8, 1967, was thereafter agreed upon, and the price for the 100,000 shares was increased to $1,900,000. On September 8, 1967, Howell International (designated as the "Buyer") and the petitioners (designated as the "Sellers") entered into an agreement whereby the petitioners purported to sell 200,000 shares of Butler Aviation stock to Howell International for the sum of $1,900,000, together with an amount of the common stock of Howell International to be determined in accordance with a formula predicated on the earnings realized from the aviation business. The agreement further granted Howell International a non-assignable *269 option to require the sellers to repurchase the stock of Butler Aviation (or its business) at any time until April 30, 1971, for the sum of $1,900,000 adjusted on account of any increase or diminution of the investment of Howell International in said business. On September 8, 1967, Howell International transmitted the sum of $1,900,000 to the Continental Illinois National Bank and Trust Co., Chicago, Illinois, for the account of Butler Company and received the certificates representing the 100,000 shares of Butler Aviation stock held by Butler Company. At the same time, petitioners transferred the 100,000 shares of Butler Aviation stock, for which they had paid the sum of $300,000, to Howell International and became entitled to receive up to 150,000 shares of the stock of Howell International, depending on the earnings accruing to Howell International from the aviation business during the years 1969, 1970, and 1971. In his notices of deficiency, the respondent determined that the petitioners sold 200,000 shares of Butler Aviation stock to Howell International for a consideration of $1,900,000, together with an undermined amount of stock of Howell International. The respondent further *270 determined that the 100,000 shares acquired directly from petitioners had a basis of $300,000, resulting in a gain of $650,000 on such sale and that the remaining 100,000 shares of Butler Aviation stock had a basis of $1,900,000, but that no loss resulted from such sale because there had not been a "closed transaction" with respect to that stock. The respondent contends that the petitioners are bound by the form of the transaction, which respondent claims embodies the purchase by petitioners of 200,000 shares of Butler Aviation stock in separate lots, 100,000 shares for $300,000 and 100,000 shares for $1,900,000, and thereafter the sale by petitioners of the entire 200,000 shares for $1,900,000, together with the right to receive an undetermined number of shares of stock of Howell International. Respondent thereby determined that petitioners realized a gain at the time of sale on the first 100,000 shares measured by the difference between the cost ($300,000) and one-half ($950,000) of the sales price of the entire 200,000 shares. In our opinion, the position of the respondent, which is predicated primarily on the agreement between the petitioners and Howell International, cannot *271 be sustained. That agreement, as well as the proxy statement transmitted to the stockholders of Howell International, was prepared on account of the dual status of Paul S. Dopp to comply with his obligations under the securities laws. In his brief, respondent also places great stress on the language used in the stipulation of facts, with respect to the exercise of the option, which the Court finds to be contradictory. Thus paragraph 13 of the stipulation states that the petitioners "exercised the option to purchase Butler's remaining 100,000 shares" prior to June 30, 1967. Paragraph 16 of the stipulation states that the petitioners, Howell International and Butler Company, "consummated the transaction" on September 8, 1967. As we view the facts, the option could not have been "exercised" until either the petitioners or Howell International paid Butler Company and received the stock. This took place on September 8, 1967. The gain realized by the petitioners on account of the sale of all or a part of Butler Aviation stock is prescribed in section 1001 as the excess of the amount realized over the adjusted basis as provided in section 1011 which, under the facts in this case, section *272 1012 defines as "cost." [3]
As a general rule, where stock in a corporation is acquired in lots on different dates and at different prices, the respondent's regulations do not permit "averaging" such cost over all the shares acquired. However, specific lots may be identified. See section 1.1012-1(c), Income Tax Regs.
In this case, however, we are not dealing with the separate and unrelated purchase of stock in "lots." The subscription by petitioners to 100,000 shares of newly issued Butler Aviation stock was nothing more than the consideration for the option which they obtained to acquire the then outstanding 100,000 shares of such stock from Butler Company. It is absurd to presuppose that Butler Company would have permitted the petitioners to acquire a one-half interest in Butler Aviation for $300,000 without an obligation to acquire the balance. The original subscription to the stock of Butler Aviation did not complete the transaction but was merely the "downpayment" on a transaction whereby the petitioners had the option to buy and Butler Company had the option *273 to sell all of the stock of Butler Aviation. If that transaction could not be completed, the purchase of the first lot would be "unscrambled." If the petitioners completed the purchase of 100,000 shares of Butler Aviation stock from Butler Company, they would be indirectly recouping the cost of their original purchase since Butler Aviation would have the $300,000, and the petitioners would own all of the stock of Butler Aviation. Thus, to fragment the continuing negotiations between the petitioners, Butler Aviation and Butler Company into separate steps is to ignore the realities of the situation. [4]
If we were to look to the transaction with respect to Butler Aviation stock as constituting separate and unrelated purchases for purposes of determining petitioners' basis, consistency would seem to require us *274 to look to the sale of such stock as separate and unrelated transactions for the purpose of determining the amount realized. Howell International paid $1,900,000 for the 100,000 shares to be acquired from Butler Company. Insofar as petitioners are concerned, that transaction was a "wash." The petitioners did not receive any measurable consideration for the transfer of the 100,000 shares of Butler Aviation stock which they owned. That transaction was still "open." In determining whether the transaction resulted in an assignment of the option with respect to the second 100,000 shares of Butler Aviation stock by the petitioners to Howell International or whether there was an exercise of the option and simultaneous sale of the property acquired thereby, the courts are not bound by the form of the transaction. See e.g., Miller v. Commissioner,295 F. 2d 538 (C.A. 8, 1961); Barber v. United States,215 F. 2d 663 (C.A. 8, 1954), certiorari denied 348 U.S. 897 (1954); Louis D. Blick,31 T.C. 611 (1958). Since Paul S. Dopp had a personal interest in the transaction as a whole and was at the same time a major stockholder *275 and Chairman of Howell International, it was necessary to submit the transaction to the stockholders for ratification on the basis of the purchase and sale of the entire 200,000 shares from the petitioners. In our opinion, however, the petitioners did not exercise their option with respect to the 100,000 shares of Butler Aviation stock owned by Butler Company. They did not, and could not, purchase such stock from Butler Company at the agreed price. It was their inability to do so that induced the parties to bring Howell International into the picture. See Robert D. Fraser, 64 T.C. (Apr. 15, 1975). The petitioners' obligations under the option were fulfilled by Howell International. As a result of the transaction considered as a whole, the petitioners disposed of stock having a cost basis of $300,000 on account of which they were to receive an undetermined number of shares of stock of Howell International. Respondent concedes that this element of the transaction is not susceptible of valuation and that any resulting gain or loss must be deferred. Decision will be entered for the petitioner in docket No. 1710-73.
Decision will be entered under Rule 155 in docket No. *276 1714-73.
Footnotes
1. Evelyn Dopp is a party to this action only by virtue of having filed a joint return with her husband for the year in question.↩
2. Dopp and Company, Inc., subscribed to 20,000 shares and Paul S. Dopp subscribed to 80,000 shares.↩
3. All statutory references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
4. The absurdity of respondent's position would be accentuated if the second 100,000 shares of Butler Aviation stock had been acquired in two lots, at different prices, as originally provided for in the agreement. Under respondent's theory, petitioners would have realized an additional gain on the first of such lots but would not have an offsetting loss on the final lot.↩